UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMPLOYEE PAINTERS TRUST
HEALTH & WELFARE FUND, et al.,

　　　　　　　Plaintiffs,

　　v.

BORDERS PAINTING &
WALLCOVERING CO., LLC, et al.,

　　　　　　　Defendants.

CASE NO. C07-1994JLR

ORDER

This matter comes before the court on Plaintiffs' unopposed motion for summary judgment (Dkt. # 15). The court has reviewed the papers submitted by Plaintiffs and for the reasons that follow orders the following: the clerk is directed to enter default against Defendant Borders Painting & Wallcovering Co., LLC ("Borders Painting"); the case is stayed as to Defendants John E. Borders, Barbara Borders and Rose M. Duvall; and the motion for summary judgment is GRANTED as to Defendants Borders Painting and James R. Borders and is DENIED without prejudice as to the remaining Defendants.

**I. BACKGROUND**

This action was filed on December 13, 2007. The Defendants filed an answer on March 14, 2008 generally denying the allegations in the complaint. On March 20, 2008, counsel for Defendants moved to withdraw. The court granted the motion on March 31,

ORDER – 1

2008, leaving Borders Painting unrepresented. The individual defendants elected to proceed pro se. On June 12, 2008, Plaintiffs moved for summary judgment. As of this date, the court has not received any response to this motion from any of the Defendants. On June 24, 2008, Plaintiffs informed the court that Defendant Rose M. Duvall had filed for bankruptcy and obtained an automatic bankruptcy stay pursuant to 11 U.S.C. § 362. On July 18, 2008, Plaintiffs informed the court that Defendants John E. Borders and Barbara M. Borders had filed for bankruptcy and also obtained an automatic bankruptcy stay.

## II. ANALYSIS

### A. Unrepresented Limited Liability Company

The court directs the clerk to enter default against Defendant Borders Painting as it cannot proceed before the court pro se. *See* Local Rules W.D. Wash. GR 2(g)(4)(B).

### B. Bankruptcy Stays

As previously discussed, Plaintiffs informed the court that Defendants Rose M. Duvall, John E. Borders and Barbara M. Borders have filed for bankruptcy and obtained automatic stays pursuant to 11 U.S.C. § 362. Therefore, the court stays the proceedings against these defendants.

### C. Motion for Summary Judgment

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates there is no genuine issue of material fact. Fed. R. Civ. P. 56(c)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no material factual dispute and he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets its burden, the nonmoving party must go beyond the pleadings and identify facts which show

ORDER – 2

a genuine issue for trial. *Cline v. Indus. Maint. Eng'g. & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000).

Plaintiffs argue that there are no disputed facts. They assert that an authorized agent for Borders Painting signed the Collective Bargaining Agreement ("CBA") on July 1, 2007, and that Borders Painting failed to make all of the required employee benefit contributions. (Mot. at 4.) In support of their argument Plaintiffs have attached a copy of the CBA signed by John Borders on behalf of Borders Painting. (Declaration of David L. Tuttle ("Tuttle Decl."), Ex. A.) Article 10.1 of the CBA states: "Each Employer signatory to this Agreement is required to make reports to the Trusts (see Article 20) and remit with contributions, if any due, to Western Washington Painters Pension Trust." (*Id.*) Plaintiffs have also submitted evidence that John E. Borders was authorized to sign the agreement on behalf of Borders Painting. (*See* Tuttle Decl, Ex. C.) Additionally, Plaintiffs provided employer report forms demonstrating that Borders Painting failed to make $154,377.19 in contributions. (*See* Tuttle Decl., Ex. B.) The court finds that there is no genuine issue of material fact that Borders Painting was obligated to make payments to the trust funds and that it failed to pay $154,377.19 in contributions and that $127,177.65 is currently due and owing.

Plaintiffs also seek to hold John E. Borders, James R. Borders and Rose M. Duvall personally liable for the outstanding employee benefit contributions. Plaintiffs cite a provision contained in all of the Western Washington Painters Trust Fund Trust Agreements that provides:

> In recognition that individuals have responsibilities in a corporation which is a participating Employer in a Trust, and that contributions are for the welfare of covered employees, the responsible individuals in a corporation which is a participating Employer shall be individually liable for payment of contributions and other charges owing under this Article VIII. Therefore, in the event any corporate participating Employer which is obligated to make contributions to the Trust fails to make such contributions, the President, the Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust Fund shall be each individually liable for the payment

ORDER – 3

of contributions and any other amount due under this Article VIII, and under applicable Federal law, 29 U.S.C. Section 1132(g).

(Tuttle Decl., Ex. D.) These clauses are enforceable. *See Employee Painters' Trust v. J & B Finishes*, 77 F.3d 1188 (9th Cir. 1996). John E. Borders, James R. Borders and Rose M. Duvall are all members of Borders Painting & Wallcovering Co., LLC. (*See* Tuttle Decl., Ex. C.) As the court has previously discussed, this action is stayed against John E. Borders and Rose M. Duvall. The court finds that there is no genuine issue of material fact that James R. Borders is personally liable for the contribution deficits as well as any other charges or fees that accrued as a result of the failure to pay the contributions and enters judgment against James R. Borders in the amount of $127,177.65.

In addition to the unpaid trust obligations, Plaintiffs also assert that Borders Painting and the individual defendants are obligated to pay liquidated damages, interest, costs and reasonable attorney's fees. In support of their claim, Plaintiffs cite 29 U.S.C. § 1132(g)(2), the CBA and the provisions of the various trust agreements. (*See* Tuttle Decl., Ex. A, Second Declaration of David L. Tuttle (Dkt. # 24) ("Second Tuttle Decl."), Ex. A.) The court finds that there is no genuine issue of material fact that Borders Painting and James R. Borders are liable for liquidated damages in the amount of $15,956.19, interest in the amount of $9,246.83, costs of $1,127.38 and reasonable attorney's fees of $9,320.75.

## III. CONCLUSION

For the foregoing reasons, the clerk is directed to enter default against Defendant Borders Painting; this case is stayed as to Defendants John E. Borders, Barbara Borders and Rose M. Duvall; and Plaintiffs' motion for summary judgment is GRANTED against Defendants Borders Painting and James R. Borders and is DENIED as to the remaining defendants without prejudice.

1 | DATED this 28th day of July, 2008.

                                                        /s/ James L. Robart
                                       JAMES L. ROBART
                                       United States District Judge